944 F.2d 905
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bayron DeJesus MORENO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-1572.
 United States Court of Appeals, Sixth Circuit.
 Sept. 23, 1991.
 
 1
 Before RYAN, Circuit Judge, WELLFORD, Senior Circuit Judge, and HIGGINS, District Judge.*
 
 ORDER
 
 2
 Bayron DeJesus Moreno, a/k/a Byron Restrepo, a federal prisoner, appeals the district court's order dismissing his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 In October 1988, a jury convicted Moreno of one count of conspiracy to distribute or possess with intent to distribute 500 or more grams of cocaine in violation of 21 U.S.C. § 846 and three counts of using a federal communications facility to commit a felony in violation of 21 U.S.C. § 843(b). Moreno was sentenced to 235 months imprisonment on the conspiracy count and forty-eight months imprisonment on each of the communications counts. All of the sentences were concurrent. On direct appeal, Moreno's conviction was affirmed, but the case was remanded for resentencing. See United States v. Moreno, 899 F.2d 465 (6th Cir.1990). Moreno was resentenced in August 1990. At resentencing, Moreno was sentenced to 292 months imprisonment on the conspiracy count and forty-eight months imprisonment on each of the communications counts. Again, all of the sentences were concurrent. Following an untimely direct appeal of his sentence, Moreno filed his motion to vacate sentence asserting: (1) that the trial court's jury instructions violated the double jeopardy provisions of the Federal Constitution because they permitted the jury to find him guilty of a lesser included offense when the indictment against him contained no lesser included offense; and (2) that the trial court's erroneous application of the federal sentencing guidelines deprived him of his sixth amendment right to trial by jury.
 
 
 4
 After a review, the district court dismissed the § 2255 motion, finding that Moreno's assertions of error had been decided against him on direct criminal appeal. Moreno has filed a timely appeal. His brief on appeal addressed only the second assertion of error raised in his § 2255 motion. He also requests immediate release on bond pending appeal, in his appellate brief.
 
 
 5
 Upon review, we conclude that Moreno's assertion of error is meritless. First, an acquittal on some counts of an indictment does not bar the sentencing court from considering the acquitted conduct in determining relevant conduct and imposing sentence. See United States v. Moreno, 933 F.2d 362, 374 (6th Cir.1991). Moreover, once a jury conviction has been entered, factual findings by the judge as to the amounts of drugs involved for sentencing purposes does not violate a criminal defendant's right to a jury trial. See United States v. Hodges, 935 F.2d 766, ---- (6th Cir.1991).
 
 
 6
 Accordingly, the request for release on bond pending appeal is hereby denied; and the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Higgins, U.S. District Judge for the Middle District of Tennessee, sitting by designation